Per Curiam.

Appellant contends that the commission was without jurisdiction to make the determination and order in the instant case, and that the state Department of Health acting through the Cincinnati Board of Health had jurisdiction of the subject of this proceeding to the exclusion of the Public Utilities Commission.
With such contention this court does not agree.
*131 Section 4905.04, Bevised Code, provides in part as follows :
“The Public Utilities Commission is hereby vested with the power and jurisdiction to supervise and regulate public utilities and railroads * * * and to promulgate and enforce all orders relating to the protection, welfare, and safety of railway employees * * *.”
Section 3701.13, Bevised Code, provides that “the Department of Health shall have supervision of all matters relating to the preservation of the life and health of the people and have supreme authority in matters of quarantine.”
The fact that Section 3701.13 provides that the Department of Health shall have supreme authority in matters of quarantine leads to the conclusion that the health department was not given supreme authority in “all matters relating to the preservation of the life and health of the people,” found in the earlier part of that section.
That section provides also that the health department may make orders “for such * * * sanitary matters as are best controlled by a general rule” and “may make and enforce orders in local matters when an emergency exists.” The order involved herein, resulting from a complaint involving a particular factual situation in one individual case, is not one to be best controlled by general rule and not one in which an emergency exists.
Section 4905.04, Bevised Code, giving specific powers to the Public Utilities Commission, is a much later enactment than Section 3701.13, Bevised Code, giving general powers to the Department of Health, and controls over the latter section.
The case of Southern Ry. System v. Public Utilities Commission, 166 Ohio St., 240, involved an alleged unsanitary condition in the north end of the Gest Street yard of appellant in Cincinnati, the complaint alleging that there were no drinking or toilet facilities or facilities for washing hands in the yard, away from the main office building. It is stated in the per curiam opinion in that case that “the Public Utilities Commission has plenary power under Section 4905.04, Bevised Code, to promulgate and enforce orders relating to the protection, welfare and safety of railroad employees.”
*132 The order appealed from is within the jurisdiction of the commission, is not unreasonable or unlawful and is, therefore, affirmed.

Order affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Hunsicker, JJ., concur.
Hunsicker, J., of the Ninth Appellate District, sitting by designation in the place and stead of Gibson, J.